PABLO LARA,

    Plaintiff,

v.                                                  Case No. 8:18-cv-2794-T-16SPF

HILLSBOROUGH COUNTY (FL) SHERIFF;
ST. JOSEPH'S HOSPITAL (TAMPA);
SHERIFF DEPUTY JOSEPH L. LOPEZ;
STATE ATTORNEY GENERAL OF
FLORIDA; NORMA R. LARA and
ESTATE OF ALBERT P. LARA,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

    This matter is before the Court on three motions to dismiss:

(1) "Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6), Fed.R.Civ.P." (Doc. # 21), filed by Hillsborough County Sheriff and Deputy Joseph L. Lopez, in their official capacities.

(2) "Defendant St. Joseph's Hospital's Motion to Dismiss Plaintiff's Amended Complaint for Violation of Civil Rights and Incorporated Memorandum of Law" (Doc. # 23), filed by St. Joseph's Hospital, Inc.

(3) "Motion to Dismiss," (Doc. # 29), filed by Norma R. Lara.

    The Attorney General of Florida has not yet appeared in this matter.[1]

Plaintiff has not responded to the motions. After reviewing the motions, court file, and the record, the Court finds as follows:

---

[1] Service to the Attorney General was returned unexecuted. (Doc. # 7).

## Background[2]

Plaintiff alleges that Norma R. Lara, his former wife, and Albert P. Lara, his recently deceased son, conspired to deprive him of his constitutional rights by requesting that the Hillsborough County Sheriff's Office commit him under the Baker Act, without medical justification. On May 5, 2015, Deputy Sheriff Joseph L. Lopez responded to the call, detained Plaintiff, and took him to St. Joseph's Hospital. Plaintiff alleges he was detained for about 18 hours without food. At about 11 a.m. on May 6, 2015, Plaintiff was evaluated by a doctor. The doctor released Plaintiff about four hours later, without the medical treatment Plaintiff claims would justify the forced detention.

## Procedural History

Plaintiff filed his initial *pro se* complaint on November 14, 2018. (Doc. # 1). On January 16, 2019, Defendants Hillsborough County Sheriff and Deputy Joseph Lopez moved to dismiss Plaintiff's complaint, and on January 23, 2019, Defendant St. Joseph's Hospital moved to dismiss Plaintiff's complaint. (Doc. ## 11, 12). Plaintiff responded to Defendants' motions on February 13, 2019, and he filed an amended complaint on June 21, 2019. (Doc. ## 14, 15, 17). Judge Kovachevich allowed the amended complaint to be filed but warned Plaintiff that he must

---

[2] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

diligently adhere to the Federal Rules of Civil Procedure and Local Rules of this District in the future. (Doc. # 18).[3]

Plaintiff's amended complaint was submitted using a *pro se* "Complaint for Violation of Civil Rights" form, where Plaintiff appears to bring a § 1983 claim for violation of his Fifth and Fourteenth Amendment rights, and a claim under the Florida Baker Act, for being detained illegally by a deputy sheriff and "retained against his will by a psychiatric hospital."

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. A claim is facially plausible when the pleaded facts "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] Plaintiff filed his amended complaint more than 21 days after Defendants filed their motions to dismiss. In her order, Judge Kovachevich pointed out that there was no indication Defendants consented to the amendment, and that Plaintiff failed to seek leave of court.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). A complaint may be dismissed when it appears beyond a doubt that a *pro se* litigant cannot prove a set of facts that would entitle him to relief. *McQuade v. Florida*, No. 3:04cv170/RV/MD, 2005 WL 8164827, at *2 (M.D. Fla. Oct. 24, 2005). The Court is not required to accept legal conclusions stated as factual allegations as true. *Iqbal*, 556 U.S. at 678.

## Analysis

Plaintiff appears to assert that pursuant to § 1983, Defendants violated his Fifth and Fourteenth Amendment rights.[4] The Court addresses the arguments raised in Defendants' motions as follows:

---

[4] The Plaintiff has not specifically cited to the Fourth Amendment, however, it appears that he means to allege a Fourth Amendment violation. When a plaintiff fails to identify under which provision his causes of action falls, the Court, in affording *pro se* litigants wide latitude, may use common sense to ascertain the constitutional violations alleged in the pleading. *See Burgess v. Mayo*, 8:13–cv–2446–T–36AEP, 2014 WL 4373428, at *1 (M.D. Fla. Sept. 3, 2014) (citing *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992)).

### *Claims Against The Hillsborough County Sheriff's Office*

The Hillsborough County Sheriff argues that the amended complaint fails to state a claim for relief. According to the Sheriff's Office, Plaintiff's vague and conclusory allegations cannot form the basis of a valid cause of action against any of the Defendants, and Plaintiff has not established a sufficient nexus between the minimally pled facts and a constitutional violation under the Fifth or Fourteenth Amendments. "Only when it is clear that a violation of specific rights has occurred can the question of § 1983 municipal liability for the injury arise." *Sparkes v. City of Sunrise*, 777 F. App'x 446, 450 (11th Cir. 2019). As previously noted, when a plaintiff fails to identify under which provision his cause of action falls, the Court, in affording *pro se* litigants wide latitude, may use common sense to ascertain the constitutional violations alleged in the pleading. *See Burgess v. Mayo*, 8:13–cv–2446–T–36AEP, 2014 WL 4373428 at \*1 (M.D. Fla. Sept. 3, 2014) (citing *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992)). Using this approach, the Court infers that Plaintiff is bringing his § 1983 claims under the Fourth Amendment, in addition to the Fifth and Fourteenth Amendments.

The Court, however, is not required to accept legal conclusions stated as factual allegations as true. *Iqbal*, 556 U.S. at 678. In addition to alleging that his constitutional rights are violated, Plaintiff must state all the facts that support the alleged violations. *See Haely v. Judd*, No. 8:12-cv-89-T-17TGW, 2012 WL 3204591, at \*3 (M.D. Fla. Aug. 3, 2012) (dismissing plaintiff's complaint without prejudice when plaintiff failed to state why he was submitted to the hospital for an involuntary examination or anything as to what transpired between him and the

defendant law enforcement officer on the day in question). Here, like *Haely*, Plaintiff has failed to provide a factual basis supporting his claim that he was deprived of constitutional rights. Plaintiff's amended complaint is subject to dismissal for this reason alone.

In addition, Plaintiff's claim against the Hillsborough County Sheriff in his official capacity is subject to dismissal for a separate reason. The Hillsborough County Sheriff argues it cannot be held liable under a theory of respondeat superior under § 1983 because Plaintiff has not alleged a policy or custom of the Hillsborough County Sheriff's Office was the moving force behind his alleged constitutional deprivation. The Court agrees.

The Eleventh Circuit does not recognize vicarious liability, including respondeat superior, in § 1983 actions. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1331 (11th Cir. 2007) (citing *Cottone. v. Jenne*, 326 F.3d 1352 (11th Cir. 2003)). However, supervisory liability can occur when a supervisor personally participates in unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Brown v. Correa*, No. 8:13–cv–49–T–30MAP, 2013 WL 5408063, at *4 (M.D. Fla. Sept. 25, 2013) (citing *Cottone v. Jenne*, 326 F.3d at 1360). Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to show that the supervisory official personally participated in the unconstitutional conduct, or that there was a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Groover v. Israel*, 684 F. App'x 782, 787 (11th Cir. 2017).

A plaintiff may prove a causal connection between the actions of a defendant and an alleged constitutional deprivation by showing that a supervisor had notice of a history of abuse and a need for correction, or by showing the existence of a supervisor's custom or policy that "results in deliberate indifference to constitutional rights." *Id.*; *see Cochrane v. Harvey*, No. 4:04CV475-RH/WCS, 2005 WL 2176874, at *4 (N.D. Fla. Sept. 1, 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)) (finding sheriff could not be held liable because the deputies' seizure of plaintiff operated as one incident that was "precisely the type of one-time decision by subordinate employees" for which "a public entity is not liable").

Upon review, the Court finds that Plaintiff does not allege that the constitutional violation was caused by the customs, policies, or procedures of the Sheriff, or that the Sheriff had notice of a history of abuse and a need for correction, or that the Sheriff personally participated in the incidents Plaintiff describes. Rather, Plaintiff appears to state that upon receiving a call from Plaintiff's wife, Deputy Lopez "without medical justification … detained defendant and rendered him to the E.R. of St. Joseph's Hospital." Further, even if the incident was in some way a violation of Plaintiff's constitutional rights, he does not allege it was anything more than a "one-time decision" made by a subordinate employee. As such, Plaintiff's claim against the Hillsborough County Sheriff in His Official Capacity is subject to dismissal.

Because there is a possibility that Plaintiff may be able to correct these pleading defects and state a claim for relief, the Court is required to dismiss his

amended complaint without prejudice. Should Plaintiff decide to submit a second amended complaint, he must assert facts sufficient to state a facially plausible claim for relief or it may be dismissed with prejudice.

Plaintiff names both the Hillsborough County Sheriff and a Deputy Sheriff, in their official capacities, as § 1983 defendants. The official capacity claims against Deputy Lopez are duplicative of the official capacity claims against the Hillsborough County Sheriff. These duplicative claims serve no proper purpose and may confuse a jury. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *C.P. by and through Perez v. Collier County*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015); *see also Brown v. Neumann*, 188 F.3d 1289, 1291 n.1 (11th Cir. 1999) (finding when plaintiff sued the sheriff and the deputy sheriff who performed the arrests, in their official capacities, dismissal of the deputy was proper because his joinder was duplicative). ***Consequently, the claims against Deputy Lopez in his official capacity are dismissed with prejudice and may not be refiled.***

### *Claims Against St. Joseph's Hospital*

St. Joseph's Hospital argues that as a non-governmental private corporation, it is not a state actor and cannot be held liable under § 1983. The Eleventh Circuit uses three tests to determine whether a private entity is a state actor under § 1983:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself

>into a position of interdependence with the [private entity] that it was a joint participant in the enterprise."

*Willis v. Univ. Health Servs., Inc.* 993 F.2d 837, 840 (11th Cir. 1993) (quoting *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988). A private party is rarely viewed as a state actor for § 1983 purposes. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Even if Plaintiff can allege that St. Joseph's is a state actor, he must also allege that the private entity had a custom or policy that constituted a deliberate indifference to his constitutional rights, or that the entity had a persistent and widespread practice of unconstitutional actions. *See Groover*, 684 F. App'x. at 787 (finding because plaintiff failed to allege sufficient facts to establish the private entity adopted a custom or practice that constituted deliberate indifference, he failed to state a claim for relief against the entity). Then, he must assert sufficient facts to show that the defendants are liable for the violations. *Id.* at 786. It is not enough to simply allege a violation of constitutional rights. *Id.*; *see also Harvey*, 949 F.2d at 1133. Finally, a defendant cannot be liable under § 1983 on a respondeat superior or vicarious liability basis for actions of its employees. *Harvey*, 949 F.2d at 1129 (citing *Monell*, 436 U.S. at 691). Private defendants in § 1983 actions are entitled to the same defenses as public defendants. *Id.* at 1130.

In this case, Plaintiff does not allege any facts that would render St. Joseph's – a private entity – a state actor under § 1983. Furthermore, Plaintiff has failed to allege that any custom or policy exists that constituted indifference to individual rights. These defects subject Plaintiff's amended complaint to dismissal.

Because there is a possibility that Plaintiff may be able to correct these pleading defects and state a claim for relief, the Court is required to dismiss his amended complaint without prejudice. Should Plaintiff decide to submit a second amended complaint, he must assert facts sufficient to state a facially plausible claim for relief or it may be dismissed with prejudice.

### *Claims Against Norma Lara*

The "state actor" analysis discussed above in connection with the claims against St. Joseph's Hospital also applies to claims made against Norma Lara, Plaintiff's former wife. Plaintiff alleges that Norma Lara and Albert Lara "conspired to get me deprived of my U.S. constitutional right of freedom, by requesting from the Hillsborough Sheriff their intervention to apply against me the Florida Statue known as Baker Law, for the sole propose to get rid of me from the house…" (Doc. # 17). However, in order to impute liability on a private person, a plaintiff must allege that the private person conspired with a state actor. *See Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992).

Because there is a possibility that Plaintiff may be able to correct these pleading defects and state a claim for relief, the Court is required to dismiss his amended complaint without prejudice. Should Plaintiff decide to submit a second amended complaint, he must assert facts sufficient to state a facially plausible claim for relief or it may be dismissed with prejudice.

### *Claims Against The Estate of Albert P. Lara*

Norma Lara argues that the Estate of Albert P. Lara was improperly joined in this action. Under Florida law, "it is well-settled that 'an Estate' is not an entity

that can be a party to litigation." *United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1367 (M.D. Fla. 2018) (citing *Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. 2d DCA 2017)). The personal representative of the estate, in the representative capacity, is the proper party. *Id.* **Therefore, Plaintiff's claims against the Estate of Albert P. Lara are dismissed with prejudice and may not be refiled.**

## Conclusion

Consequently, the Court dismisses Plaintiff's amended complaint, without prejudice, and directs Plaintiff to file a second amended complaint correcting the aforementioned deficiencies within the timeframe specified below. In addition to resolving the substantive pleading deficiencies noted above, when filing future complaints, Plaintiff should comply with the Federal Rules of Civil Procedure, as noted in Judge Kovachevich's order. (Doc. # 18).[5] The Estate of Albert P. Lara and Deputy Sheriff Joseph L. Lopez are dismissed from this action, with prejudice.[6]

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6), Fed.R.Civ.P." (Doc. # 21), filed by Hillsborough County Sheriff and Deputy Joseph L. Lopez, is hereby **GRANTED**.

---

[5] Should Plaintiff have questions or concerns regarding the Court's instructions, he is encouraged to make use of the resources available to pro se litigants in this District. The Tampa Bay Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. at the Sam M. Gibbons United States Courthouse, 801 North Florida Ave, Tampa, FL 33602. Through that program, pro se litigants may consult with a lawyer on a limited basis, free of charge. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/legal-information-program. Additionally, librarians, lawyers, and judges from around the Middle District created a helpful guide to assist pro se litigants proceeding in federal court. That guide can be found by following this link: http://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-guide-for-proceeding-without-a-lawyer.pdf.

[6] Dismissal with prejudice means that Plaintiff cannot refile the claims in this action against the Estate of Albert P. Lara or Deputy Sheriff Joseph L. Lopez.

2. "Defendant St. Joseph's Hospital's Motion to Dismiss Plaintiff's Amended Complaint for Violation of Civil Rights and Incorporated Memorandum of Law" (Doc. # 23) is hereby **GRANTED**.

3. Defendant Norma R. Lara's "Motion to Dismiss" (Doc. # 29) is hereby **GRANTED.**

4. The Estate of Albert P. Lara is hereby **DISMISSED WITH PREJUDICE** as a party to this case.

5. Deputy Sheriff Joseph L. Lopez is hereby **DISMISSED WITH PREJUDICE** as a party to this case.

6. Plaintiff's Amended Complaint (Doc # 17) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is directed to file a second amended complaint on or before December 22, 2019.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22nd day of November, 2019.

**TOM BARBER
UNITED STATES DISTRICT JUDGE**